


| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Barry K. Myrvold**<br>*Special Federal Litigation*<br>(212) 788-9391<br>(212) 788-9776 (fax)<br>bmyrvold@law.nyc.gov |

April 17, 2008

**By Hand**
Honorable Gerard E. Lynch
United States District Judge
Southern District of New York
500 Pearl Street, Room 910
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/18/08
```

      Re:     Osbourne Seabrooks v. The City of New York, et al., 08 CV 3124 (GEL)

Your Honor:

      I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendant City of New York in this action. I am writing, with plaintiff's counsel's consent, to respectfully request an enlargement of time from April 23, 2008 to June 23, 2008, to respond to the complaint on behalf of the City of New York.[1]

      There are several reasons for seeking this enlargement of time to respond to the complaint. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Here, it is alleged that plaintiff was arrested two times - on October 27, 2008 and again on January 29, 2008 - as a result of false complaints by the mother of his child with whom he was having a bitter custody fight. Plaintiff alleges that the first arrest resulted in charges that were dismissed on January 28, 2008, and prosecution was declined on the second arrest. Currently, this office is in the process of forwarding to plaintiff's counsel for execution a consent and authorization for the release of records that may have been sealed pursuant to N. Y. Criminal Procedure Law § 160.50. The

---

[1] There is no indication whether the individually named defendants, Detective James Reilly and Police Officer Contreras Tancredo have been served with the summons and complaint in this action, and as of this date no request for representation has been received from any of them. Without appearing on their behalf, it is respectfully requested that, if they have been served, the same extension be granted to them in order to ensure that their defenses are not jeopardized while representation issues are being decided.

Honorable Judge Gerard E. Lynch
Osbourne Seabrooks v. NYC, et al.
April 17, 2008
Page 2

executed release is necessary for this office to obtain the District Attorney, Criminal Court and police records pertaining to the plaintiff's alleged false arrest and malicious prosecution claims. This office is also in the process of forwarding to plaintiff's counsel for execution medical releases, which are necessary for our office to obtain the medical records pertaining to plaintiff's alleged physical injuries and treatment.

Further, the sixty-day extension is necessary to allow time for this office to determine, pursuant to N.Y. General Municipal Law § 50-k and based on a review of the facts of the case, whether we may represent the individual police officer defendants. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that the City's time to respond to the complaint be enlarged to June 23, 2008. No previous request for an enlargement of time to respond to the complaint has been made in this action.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Barry K. Myrvold

cc:  Wale Mosaku
     Law Offices of Wale Mosaku        By Fax (718) 243-9148
     *Attorneys for Plaintiff*

SO ORDERED

GERARD E. LYNCH, U.S.D.J.
4/18/08