UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

OSBOURNE SEABROOKS,

                        Plaintiff,

           -against-

THE CITY OF NEW YORK, DETECTIVE JAMES
REILLY, POLICE OFFICER CONTRERAS
TANCREDO (Shield # 18594) and JOHN DOES 1-6,

                        Defendants.

------------------------------------------------------------------- x

08 CV 3124 (GEL)

ANSWER

JURY TRIAL DEMANDED

      Defendants City of New York, James Reilly and Contreras Tancredo by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Complaint, dated March 25, 2008, respectfully state, upon information and belief, as follows:

      1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff has commenced an action as stated therein.

      2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

      3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

      4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

      5. Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that on October 27, 2007 Reilly was employed by the City as a police detective and was assigned to the 44th Precinct in the Bronx, and that on January 29, 2008 Contreras was employed by the City as a police officer and was assigned to the 44th Precinct in the Bronx.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except state that the allegations regarding the individual defendants acting under color of law and in their capacities as police officers are legal conclusions which do not require a response.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York and that the City maintains a police department known as the New York City Police Department, and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit that Regina made a complaint on behalf of the infant Brandon Seabrooks.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that plaintiff was fingerprinted and photographed.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that officers had responded to plaintiff's apartment on previous occasions.

24. In response to the allegations set forth in paragraph "24" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations

regarding the dismissal of any pending criminal action.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except admit that Regina Scott made a complaint on behalf of Brandon Seabrooks.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that Regina Scott made a complaint that plaintiff violated an order of protection by picking up Brandon Seabrooks from school on January 28, 2008.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Brandon Seabrooks' mental condition.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint except admit that plaintiff was transported to the 44th Precinct, and that he was fingerprinted and photographed.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that plaintiff was transported from the 44th Precinct to a central booking facility in the Bronx.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that plaintiff was transported from a central booking facility in the Bronx to a Bronx Precinct stationhouse.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit that plaintiff was taken back to a central booking facility in the Bronx.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that the Bronx District Attorney's office declined to prosecute.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that officers had responded to plaintiff's apartment on previous occasions.

38. In response to the allegations set forth in paragraph "38" of the Complaint, defendants repeat the responses set forth in the previous of this answer as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. In response to the allegations set forth in paragraph "44" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. In response to the allegations set forth in paragraph "53" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint, and each of its subparts.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65. At all times relevant to the acts alleged in the complaint, the duties and

functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

66. Plaintiff provoked or was at fault for the incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

67. Any injury alleged to have been sustained resulted from plaintiff own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

68. There was reasonable suspicion and/or probable cause to arrest, detain and prosecute plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

69. Punitive damages cannot be assessed as against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

70. Defendants Reilly and Tancredo have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

71. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims are barred by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, including, §§ 50-e, 50-h and/or 50-i.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

72. At all times relevant to the acts alleged in the Complaint, defendants Reilly and Tancredo acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

73. Plaintiff's state law claims are barred in whole or in part under the statutes of limitations.

WHEREFORE, defendants City of New York, James Reilly, and Contreras Tancredo demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         June 20, 2008

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
CITY OF NEW YORK, JAMES REILLY
and CONTRERAS TANCREDO
100 Church Street, Room 3-162
New York, New York  10007
(212) 788-9391
bmyrvold@law.nyc.gov

By: _____
    Barry Myrvold

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2008, the foregoing document was filed and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

By ECF:
Wale Mosaku
Law Offices of Wale Mosaku, P.C.
*Attorney for Plaintiff*
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

DATED:   New York, New York
         June 20, 2008

_____
Barry Myrvold

Index No. 08 CV 3124 (GEL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSBOURNE SEABROOKS,

Plaintiff,

-against-

THE CITY OF NEW YORK, et. al.,

Defendants.

**ANSWER**

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, N.Y. 10007
Of Counsel: Barry Myrvold
Tel: (212) 788-9391
NYCLIS No.

*Due and timely service is hereby admitted.*

*New York, N.Y.* .............................., 2008......

.................................................................. *Esq.*

*Attorney for*..............................................................